IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLOBALTAP LLC, | Case No.  13-cv-5322 |
| Plaintiff, | |
| v. | Honorable Rebecca R. Pallmeyer<br>Magistrate Judge Michael T. Mason |
| SMART TAP LLC, MEDIA VENTURES<br>GROUP AND WILLIAM M. APFELBAUM, | **JURY TRIAL DEMANDED** |
| Defendants. | |

<u>**REPORT OF THE PARTIES' PLANNING MEETING**</u>

Plaintiff GlobalTap LLC ("GlobalTap") and Defendants Smart Tap, LLC, Media Ventures, and William M. Apfelbaum ("Defendants") submit this Report pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Local Rules, and the orders of this Court.

**I.    MEETING**

Pursuant to Federal Rule 26(f) a planning meeting was held telephonically on September 17, 2013, and was attended by:

a.    Olivia T. Luk, of Niro, Haller & Niro, representing GlobalTap; and

b.    Paul H. Levinson of McLaughlin & Stern and Ernest Summers of Faegre Baker Daniels representing Defendants.

**II.    NATURE OF THE CASE**

GlobalTap filed a complaint on July 25, 2013 (Dkt. No. 1) alleging patent infringement, trade secret misappropriation, breach of contract, fraud, and unfair competition.  On September 10, 2013, GlobalTap filed a notice of dismissal of Count 1 for patent infringement (Dkt. No. 23). GlobalTap filed an amended complaint on September 13, 2013 (Dkt. No. 29) against Defendants. According to GlobalTap, its claims arise out of a confidential relationship between the parties,

under a signed Confidential Disclosure Agreement, in which: (1) GlobalTap disclosed its plans and designs for outdoor water bottle filling stations; (2) Defendants agreed to work with GlobalTap in the marketing and sale of such stations; and (3) Defendants secretly decided to terminate its relationship to launch its "own" stations to directly compete with GlobalTap. GlobalTap alleges jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367(a). GlobalTap alleges venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

Defendants' answer or response to GlobalTap's Amended Complaint is due October 4, 2013. Defendants intend to serve a motion for partial dismissal of the Amended Complaint, pursuant to Fed.R.Civ.P.12(b).

## III.    PRE-TRIAL SCHEDULE

The parties jointly propose to the Court the following discovery plan:

a.    A non-exhaustive list of the discovery that will be needed on these subjects includes:

(1)    The parties' relationships, including but not limited to, the various contracts they entered into and related discussions and negotiations, and Defendants' relationships with each other and with Elkay Manufacturing Company;

(2)    The design and manufacture of the product(s) at issue;

(3)    The parties' respective business plans, designs, sales and projections, before and after the parties' relationship;

(4)    The bases for GlobalTap's misappropriation and other claims;

(5)    Defendants' creation of Smart Tap;

(6)    The ownership of Media Ventures Group and Smart Tap;

(7)    The capitalization of Media Ventures Group;

        (8)      Damages allegedly sustained by GlobalTap;

        (9)      GlobalTap's claimed relationships with third parties, including certain cities and Parsons Brinckerhoff;

        (10)    Global Tap's relationships, if any, with other drinking outdoor water bottle filling station manufacturers, including, *inter alia*, Most Dependable Fountains, Inc.;

        (11)    Global Tap's claimed sponsorship platform, sponsorship outreach techniques, and corporate sponsorship contacts;

        (12)    The alleged distinctiveness and secondary meaning attaching to Global Tap's outdoor water bottle filling stations; and

        (13)    Global Tap's financial projections and actual performance.

      b.      The parties will each produce its Federal Rule 26(a)(1) disclosures by November 1, 2013. The parties have agreed that discovery could begin on September 18, 2013. The parties propose that all fact discovery is to be commenced on time to be completed by April 30, 2014.

      c.      The parties have discussed discovery of electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties propose the following methodologies for identifying ESI, eliminating duplicative ESI, developing filters or keywords for searches: given the limited custodian(s) with responsive information for each of the parties, parties do not anticipate the need for keyword or custodian searching.

d.      The parties agree to a maximum number of interrogatories by each party to another party of twenty-five (25).

e.      The parties agree to a maximum number of depositions by each party of ten (10).  Leave of Court is required for additional depositions.  The parties agree the limit on the length of depositions is a maximum of seven (7) hours per witness, subject to the provisions of Fed.R.Civ.P. 30(d)(1).

f.      Discovery opened on September 18, 2013.

g.      All motions to add parties, claims or otherwise amend pleadings shall be due by February 17, 2014.

h.      All responses to written discovery shall be due according to the Rules, unless otherwise agreed to by the parties, and to be completed by April 30, 2014.

i.      Opening expert witness disclosures and reports under Rule 26(a)(2) by the party bearing the burden of proof shall be due by June 30, 2014.

j.      Rebuttal expert disclosures and reports under Rule 26(a)(2) shall be due by July 28, 2014.

k.      All expert depositions shall be completed by September 8, 2014.

l.      Dispositive motions shall be filed by November 3, 2014, although such motions may be filed sooner.

## IV.    TRIAL SCHEDULE

a.      Final pretrial order: GlobalTap to prepare proposed draft by November 21, 2014; parties to file joint final pretrial order by December 19, 2014.

b.      Assuming there are no pending dispositive motions, the case should be ready for trial by January19, 2014 and at this time is expected to take approximately five (5) to seven (7) days.

## V.     CAMERAS IN THE COURTROOM

The parties certify that they have consulted the court's policy concerning cameras in the courtroom and will submit the Response to Recording Request when appropriate.

## VI.     SETTLEMENT

Parties have held settlement discussions, but no agreement has been reached.

## VII.     CONSENT

The parties do not consent unanimously to proceed before a Magistrate Judge.


**AGREED:**


*/s/ Olivia T. Luk*_____          */s/ Paul H. Levinson*_____
Paul K. Vickrey                              Paul H. Levinson
(vickrey@nshn.com)                           (plevinson@mclaughlinstern.com)
Olivia T. Luk                                Oliver R. Chernin
(oluk@nshn.com)                              (ochernin@mclaughlinstern.com)
NIRO, HALLER & NIRO                          MCLAUGHLIN & STERN, LLP
181 W. Madison, Suite 4600                   260 Madison Avenue, 18th Floor
Chicago, IL 60602                            New York, New York 10016
Tel:     (312) 236-0733                      Tel:     (212) 448-1100
Fax:     (312) 236-3137                      Fax:     (312) 460-7000

*Attorneys for Plaintiff*                     Ernest Summers (ernie.summers@faegrebd.com)
                                             FAEGRE BAKER DANIELS LLP
                                             311 S. Wacker Dr. – Suite 4400
                                             Chicago, IL 60606
                                             Tel:     (312) 212-6524

                                             *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 18, 2013 the foregoing

### <u>REPORT OF THE PARTIES' PLANNING MEETING</u>

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

> Paul H. Levinson
> Oliver R. Chernin
> MCLAUGHLIN & STERN LLP
> 260 Madison Avenue – 18th Flr.
> New York, NY 10016
> Tel:    (212) 448-1100
> Fax:    (212) 448-0066
> ochernin@mclaughlinstern.com
> plevinson@mclaughlinstern.com
>
> Ernest Summers, III
> FAEGRE BAKER DANIELS LLP
> 311 S. Wacker Drive – Suite 4400
> Chicago, L 60606
> Tel:    (312) 212-6500
> Fax:    (312) 212-6501
> ernie.summers@faegrebd.com
>
> ***Attorney for Defendants, Smart Tap, LLC, William F.***
> ***Apfelbaum and Media Ventures Group, LLC***

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

> */s/ Olivia T. Luk*
> Attorneys for Plaintiff
> NIRO, HALLER & NIRO